IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 04-cv-01358-MSK-CBS

DONJA VAUGHN,

    Plaintiff,

v.

MARGARET KREHBIEL,
ROBERT KREHBIEL,
JOEL STEVENSON, and
GARY SHOUN,

    Defendants.
_____

**OPINION AND ORDER GRANTING, IN PART, MOTION TO DISMISS
AND DISMISSING ACTION FOR LACK OF JURISDICTION**
_____

**THIS MATTER** comes before the Court pursuant to Defendants Stevenson and Shoun's Motion to Dismiss **(# 55)**, the Plaintiff's response **(# 59)**, and Defendants Stevenson and Shoun's reply **(# 61)**; and the Plaintiff's Motion to Dismiss the Counterclaim[1] of the Krehbiel Defendants **(# 58)**, and the Krehbiel Defendants' response **(# 60)**.

## BACKGROUND

The Court has previously summarized much of the factual posture of this case in its April 11, 2005 Order **(# 51)**, and that factual recitation is deemed incorporated herein.

---

[1] The docket indicates that the Plaintiff also has a pending Motion for Extension of Time to Respond **(# 57)** to the Krehbiels' counterclaim. The Plaintiff's subsequent filing of a Motion to Dismiss moots the motion for extension of time.

1

This action involves claims by the Plaintiff, the owner of certain horses, against the Krehbiel Defendants, with whom the Plaintiff boarded the horses until a dispute arose regarding payment of boarding fees and title to the horses, and against Defendants Stevenson and Shoun, brand inspectors for the State of Colorado, who were briefly involved in the dispute over the titles to the horses. The Plaintiff's Complaint **(# 1)**, filed on July 1, 2004, asserts the following claims against Defendants Stevenson and Shoun: (i) a Due Process violation, presumably pursuant to 42 U.S.C. § 1983, in that they allegedly conspired with the Krehbiels to transfer title to the Plaintiff's horses to third parties without adequate notice to the Plaintiff and an opportunity to respond; (ii) tortious interference with contracts between the Plaintiff and third parties and contracts between the Plaintiff and the Krehbiels; (iii) malicious prosecution, involving civil proceedings against the Plaintiff; and (iv) conversion, relating to the transfer of the horses to third parties.

On April 11, 2005, this Court granted **(# 51)**, in part, a motion by the Krehbiels to dismiss some of the Plaintiff's claims. Specifically, the Court dismissed the § 1983 Due Process claim, the tortious interference claim, and the conversion claim as untimely, having been brought beyond the applicable 2-year statutes of limitations. The Court did not dismiss the malicious prosecution claim, finding that the claim accrued slightly less than two years prior to the Plaintiff's commencement of the action, and was therefore timely.

Defendants Stevenson and Shoun now move to dismiss the claims against them, also on timeliness grounds, largely based on the findings by the Court in its prior order. The only new wrinkle added by Defendants Stevenson and Shoun is an argument that the Plaintiff's malicious prosecution claim against them is governed by a one-year statute of limitations, due to their status as state brand inspectors. *Citing* C.R.S. § 13-80-103(1)© and § 16-25.5-119.

The Plaintiff's response to Defendants Stevenson and Shoun's motion is, charitably, enigmatic. It bears an incorrect caption, both in form, *see* D.C. Colo. L. Civ. R. 10.1(J) (no provision made for "*et al.*" captions), and in its content, which identifies as the sole named Defendant a person not party to this case and contains the incorrect case number.  Substantively, the response contains one page of jumbled argument regarding the timeliness of the malicious prosecution claim, and, inexplicably, three pages of discussion of the alleged inapplicability of the Colorado Governmental Immunity Act.  As best the Court can determine, the Plaintiff's argument regarding the malicious prosecution claim is that the Plaintiff purports to assert the claim pursuant to 42 U.S.C. § 1983 for violation of her rights under the 4th Amendment to the Constitution of the United States, apparently relating to an incident described in the Complaint as a brief criminal detention and prosecution of the Plaintiff by a Lt. Connor for filing a false report  *See Docket* # 1 at ¶ 28.  The Plaintiff contends that, because this claim arises under § 1983, the two-year statue of limitations applies, rather than Colorado's special one-year limitations period for claims against brand inspectors, and the claim is thus timely.

Meanwhile, the Krehbiel Defendants filed an Answer and Counterclaim **(# 56)** against the Plaintiff, raising claims for breach of contract, *quantum meruit*, and unjust enrichment, arising from the Plaintiff's alleged failure to pay the Krehbiels for their services in boarding and feeding the Plaintiff's horses from April 26, 2002 to July 8, 2002.  The Plaintiff then filed the instant Motion to Dismiss **(# 58)** that counterclaim, alleging that disposition of a lawsuit in the Colorado County Court for Montezuma County operated as *res judiciata* on that issue.  The Krehbiel Defendants respond, contending that the Montezuma County action did not share an identity of issue with the instant claims.

**JURISDICTION**

The Plaintiff invoked the Court's subject-matter jurisdiction pursuant to 28 U.S.C § 1331, based on her claim under 42 U.S.C. § 1983. The Krehbiel Defendants do not assert a basis of federal subject-matter jurisdiction over their counterclaims.

**ANALYSIS**

**A. Defendant Stevenson and Shoun's Motion**

The Court need not engage in a lengthy analysis of Defendant Stevenson and Shoun's motion, as the Court's analysis of the relevant issues in the April 11, 2005 Order apply with equal force to the claims against Defendants Stevenson and Shoun, with the possible exception of the malicious prosecution claim. For the reasons stated in that Order, the Plaintiff's Due Process claim under 42 U.S.C. § 1983, tortious interference with contract claim, and conversion claim against Defendants Stevenson and Shoun are dismissed as untimely.

With regard to the Plaintiff's assertion that her malicious prosecution claim is actually a 42 U.S.C. § 1983 claim founded upon a deprivation of her 4th Amendment rights, the Court finds nothing in the Plaintiff's Complaint to support the existence of such a claim. Although the Plaintiff initially filed her Complaint *pro se*, her counsel entered an appearance **(# 12)** early in these proceedings. Because the Plaintiff's counsel has had ample opportunity to review the Plaintiff's *pro se* Complaint and correct any technical or substantive pleading defects, the Court is not inclined to offer the Plaintiff the liberal review of that pleading that a true *pro se* litigant would be entitled to under *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nevertheless, even under a liberal construction, nothing in the Plaintiff's Complaint supports the type of claim the Plaintiff purports to now assert.

For example, that portion of the Plaintiff's Complaint which describes her malicious prosecution claim specifically alleges that "Defendants were parties to or assisted in <u>civil</u> proceedings against Defendant." *Docket # 1, ¶ 50* (emphasis added). The Complaint's reference to civil proceedings– apparently, the Krehbiels' suit to enforce a lien on the Plaintiff's horses, *see Docket # 1, ¶ 13*– does not assert that the Plaintiff's personal liberty or privacy was implicated, and thus, cannot support a § 1983 malicious prosecution claim premised on 4th Amendment violations. *See e.g. Washington v. County of Rockland*, 373 F.3d 310, 317 (2d Cir. 2004) ("our case law does not forbid a § 1983 malicious prosecution claim premised on a civil or administrative proceeding; however, because such claims must . . . be premised on a violation of Fourth Amendment rights, it is unlikely that a civil proceeding of the kind at issue here would implicate constitutional rights in a manner that would warrant redress under § 1983"). The Plaintiff gives no indication in the Complaint that she premises a malicious prosecution claim on the criminal charges lodged against her. Even if she did, the Complaint does not state sufficient facts to implicate Defendants Stevenson and Shoun in the institution or maintenance of criminal charges against the Plaintiff. The relevant portion of the Complaint indicates that "On May 28, 2002, Plaintiff was arrested for false reporting to Lt. Connor on April 30, 2002 that the horses were being starved on the Krehbiel property." *Docket # 1, ¶ 28*. The Complaint does not allege that Defendants Stevenson or Shoun instigated the criminal prosecution, nor that they were involved in it in any way. Thus, even if the Plaintiff intended to assert a 4th Amendment violation arising for her criminal prosecution, she has failed to state such a claim against Defendants Stevenson or Shoun.

The Court need not address the viability of the extant malicious prosecution claim asserted against Defendants Stevenson and Shoun under state law, because the dismissal of the § 1983 Due Process claim against all Defendants and the rejection of the Plaintiff's purported § 1983 4th Amendment claim effectively deprives the Court of any original subject-matter jurisdiction over this case. As the Court advised the Plaintiff in footnote 5 of its April 11, 2005 Order, the dismissal of the Due Process claim against Defendants Stevenson and Shoun would likely result in the Court losing any basis for federal subject-matter jurisdiction over this case. Arguably, the Court could retain supplemental jurisdiction over the remaining common-law claims pursuant to 28 U.S.C. § 1367, but also has the discretion to decline to do so pursuant to 28 U.S.C. § 1367(c)(3). In determining whether to retain supplemental jurisdiction following dismissal of all federal claims, the Court must consider the values of judicial economy, convenience, fairness, and comity. *Gold v. Local 7 United Food and Commercial Workers Union*, 159 F.3d 1307, 1310 (10th Cir.1998).

Here, there is little judicial economy to be preserved by retaining jurisdiction over the state law claims. The Court has not engaged in any substantive analysis of the claims and counterclaims, other than by way of motions to dismiss focused entirely on the narrow issue of timeliness. Discovery in the case is not only incomplete, it appears to be still in its earliest stages. On January 12, 2006, the Magistrate Judge conducted a hearing **(# 77)** regarding the scheduling of the Plaintiff's deposition, a discovery device that is usually among the first steps in a case. There is little apparent convenience to the parties of this Court retaining jurisdiction, as the Plaintiff is a resident of Cortez, Colorado, and the Krehbiel Defendants are residents of California, but maintain a ranch located in Mancos, Colorado. Reposing this case in federal court in Denver,

rather than in a jurisdiction closer to the parties' residences or places of business, would only increase the inconvenience to the remaining parties.

The Court finds that dismissal for lack of subject-matter jurisdiction does not result in unfairness to the Plaintiff. Most importantly, the Court's Order of April 11, 2005 clearly warned the Plaintiff of the potential of dismissal of the action if the Due Process claim against Defendants Stevenson and Shoun were ultimately dismissed. Moreover, the Court's reasoning as to the untimeliness of the Plaintiff's federal claim against the Krehbiels clearly applied with equal force against Defendants Stevenson and Shoun; indeed, the Plaintiff's response to Defendant Stevenson and Shoun's motion did not even attempt to defend the Due Process claim. Thus, the Plaintiff cannot say that a dismissal for lack of subject-matter jurisdiction comes as a surprise. Although the Plaintiff appears to believe that she could state a § 1983 claim against Defendants Stevenson and Shoun based on the criminal charges brought against her– thereby preserving federal jurisdiction even if the Due Process claim were dismissed– she has never requested to amend her Complaint to clearly assert such a claim. In these circumstances, the Court cannot say that dismissal of this case for lack of subject-matter jurisdiction is unfair to the Plaintiff. Regarding the comity issue, the Court merely notes that all remaining claims in this action implicate state law. Although this Court has the power to adjudicate such claims under 28 U.S.C. § 1367, all other factors being equal, it is preferable for the state courts to hear such claims.

Having considered the relevant factors, the Court finds that retaining jurisdiction over this case pursuant to 28 U.S.C. § 1367 is not appropriate. The Plaintiff's Complaint and Krehbiel Defendants' counterclaims shall be dismissed for lack of subject-matter jurisdiction pursuant to 28 U.S.C. § 1367(c)(3).

### B. Plaintiff's Motion to Dismiss Krehbiels' Counterclaims

Because the Court dismisses the case for lack of subject-matter jurisdiction, it need not address Plaintiff's Motion to Dismiss the Krehbiels' counterclaims.

### CONCLUSION

For the foregoing reasons, Defendants' Stevenson and Shoun's Motion to Dismiss **(# 55)** is **GRANTED IN PART**, insofar as the Plaintiff's § 1983 Due Process, tortious interference with contract, and conversion claims against them are **DISMISSED** as untimely.  Because the dismissal of all federal claims in this action deprives the Court of subject-matter jurisdiction, the Court declines to entertain that portion of Defendant Stevenson and Shoun's motion that seeks dismissal of the state law malicious prosecution claim and the Plaintiff's Motion to Dismiss **(# 58)** the Krehbiel Defendants' counterclaims.   The Court having declined to retain supplemental jurisdiction over the remaining state law claims, the Plaintiff's Complaint **(# 1)** and the Krehbiel Defendants' Answer and Counterclaim **(# 56)** are **DISMISSED** for lack of subject-matter jurisdiction.  The Clerk of the Court is directed to close this case.

Dated this 19th day of January, 2005

**BY THE COURT:**

*Marcia S. Krieger*
_____

Marcia S. Krieger
United States District Judge

8