IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 04-cv-01358-MSK-CBS

DONJA VAUGHN,

      Plaintiff,

v.

MARGARET KREHBIEL,
ROBERT KREHBIEL,
JOEL STEVENSON, and
GARY SHOUN,

      Defendants.

_____

**OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION AND
MOTION TO AMEND COMPLAINT**
_____

**THIS MATTER** comes before the Court pursuant to the Plaintiff's Motion for Reconsideration and Motion for Leave to File an Amended Complaint **(# 81)**,[1] Defendants' response **(# 83, 84)**,[2] the Plaintiff's "Supplement/Amendment" to her motion **(# 85)**, a second "Supplement" **(# 86)** by the Plaintiff, and Defendants Shoun and Stevenson's response **(# 87)** to the second supplement.

---

[1] The Plaintiff's original motion was filed at Docket # 80, and a revised motion was filed at Docket # 81. The Plaintiff then moved **(# 82)** to withdraw Docket # 80. The motion to withdraw is granted, and Docket # 80 is deemed withdrawn.

[2] All four Defendants joined in Docket # 83, which is a response to that portion of the Plaintiff's motion that seeks to amend the Complaint, and Defendants Shoun and Stevenson separately filed a response to that portion of the Plaintiff's motion that seeks reconsideration.

1

This action involves claims by the Plaintiff, the owner of certain horses, against the Krehbiel Defendants, with whom the Plaintiff boarded the horses until a dispute arose regarding payment of boarding fees and title to the horses, and against Defendants Stevenson and Shoun, brand inspectors for the State of Colorado, who were briefly involved in the dispute over the titles to the horses. On April 11, 2005, this Court granted **(# 51)**, in part, a motion by the Krehbiels to dismiss some of the Plaintiff's claims. Specifically, the Court dismissed a 42 U.S.C. § 1983 Due Process claim, a tortious interference claim, and a conversion claim as untimely, having been brought beyond the applicable 2-year statutes of limitations. The Court did not dismiss a malicious prosecution claim, finding that the claim accrued slightly less than two years prior to the Plaintiff's commencement of the action, and was therefore timely.

On January 19, 2006, the Court dismissed **(# 78)** the same claims against Defendants Shoun and Stevenson. Observing that the dismissal of the 42 U.S.C. § 1983 claims against all Defendants deprived the Court of federal subject matter jurisdiction, the Court dismissed the remaining malicious prosecution claim against the Defendants for lack of subject-matter jurisdiction.

On January 31, 2006, the Plaintiff filed the instant Motion for Reconsideration and for Leave to Amend the Complaint **(# 81)**. The Plaintiff's motion is extremely difficult to comprehend: it consists of no introduction, meaningful division of subject matter, or summary of the argument and relief requested. Rather, it consists of 3½ pages of extensive factual assertions, all without citation to support in the record; 4 pages of lengthy quotations or headnotes from various cases without any analysis as to how such cases apply to the facts of this case; and two paragraphs that discuss the manner in which the Plaintiff seeks to amend the Complaint.

The Court treats the Plaintiff's Motion, to the extent it requests reconsideration, as one under Fed. R. Civ. P. 59(e), as it was filed within 10 days of the Court's Order dismissing the claims against Shoun and Stevenson and dismissing the action for lack of subject-matter jurisdiction. The Court grants relief under Fed. R. Civ. P. 59(e) only to correct manifest errors of law or to permit consideration of newly discovered evidence. *Loughridge v. Chiles Power Supply Co.,* 431 F.3d 1268, 1274-75 (10th Cir. 2005).

At the outset, the Court denies the motion, out of hand, for incomprehensibility. The Court must interpret *pro se* pleadings liberally, but the Plaintiff is represented here by an attorney (**# 12**). Counsel appearing before this Court are expected to set forth arguments in a clear and concise manner, and the Plaintiff's motion fails to do so.

Even if the Court were to attempt to make sense of it, the Plaintiff's motion suffers from a false premise in its very first sentence: "The court erred in dismissing this case in stating there was no seizure." *Docket* # 81 at 1. Neither of the Court's Orders dismissing claims in this case find that "there was no seizure." In its initial Order (**# 51**), the Court found that the latest act by the Krehbiel Defendants alleged in the Complaint that could constitute a deprivation of Due Process was the release of horses to a third party on June 18, 2002, more than two years prior to the filing of the Complaint. In its Order (**# 78**) dismissing the claims against Defendants Shoun and Stevenson, the Court incorporated its analysis of the Due Process claim against the Krehbiel Defendants by reference. In neither Order did the Court purport to find whether a "seizure" of any kind occurred. The remainder of the Plaintiff's motion goes on to assert facts, but at no point describes any event that occurs within the two-year statute of limitations. Because nothing in the Plaintiff's motion indicates that the Court somehow misconstrued the evidence or otherwise erred

3

in dismissing the § 1983 claims as untimely and declining to exercise supplemental jurisdiction over the remaining claims, the Plaintiff's request for reconsideration of the dismissal orders is denied.

The portion of the Plaintiff's motion which seeks leave to amend the Complaint describes two anticipated amendments: addition of a new Plaintiff, the Zabla International Rare Breeds Conservancy, a trust which is apparently the actual owner of the horses described in the litigation; and a request to "add more detail about the assistance of Defendant Shoun in the preparation of the agister's lien and the release of the horses."

Leave to amend a pleading shall be "freely granted" absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Beerheide v. Zavaras*, 997 F.Supp. 1405, 1409 (D. Colo. 1998), *citing Foman v. Davis*, 371 U.S. 178, 182 (1962). An amendment can be denied on the grounds of futility if the amended pleading itself would be subject to dismissal. *Jefferson County School Dist. v. Moody's Investor Services, Inc.*, 175 F.3d 848, 859 (10th Cir. 1999); *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir.1999).

Here, the Court finds that the Plaintiff's proposed amendments are the product of undue delay and are futile. Turning first to undue delay, the Court finds that the Scheduling Order (**# 36**) in this case sets January 31, 2005 as the deadline for joinder of parties and amendment of pleadings. The Plaintiff has not moved to extend this deadline, nor shown any cause why the deadline should be extended by more than a year. The Plaintiff's motion makes only a conclusory allegation that "some of this detail was not discovered or confirmed until depositions of

4

Defendants Krehbiel were taken January 9, 2006," but does not demonstrate what diligent efforts the Plaintiff made prior to that date  Given that more than a year had passed since discovery could begin, the bare assertion that the facts supporting the amendment were just discovered in January 2006 is insufficient to show the exercise of reasonable diligence on the Plaintiff's part. Thus, the motion to amend is denied as untimely.

Moreover, the proposed amendment is futile.  The Court has dismissed this action for lack of subject matter jurisdiction after finding that all of the Plaintiff's federal claims under 42 U.S.C. § 1983 are untimely.  The proposed Amended Complaint does nothing to cure that deficiency. Indeed, if anything, it reaffirms that the release of the horses to third parties on June 18, 2002 was "the final step in the illegal taking of the horses." *Docket* # 81 at 20, ¶ 46.  This action was commenced on July 1, 2004 **(# 1)**, and thus, § 1983 claims which arose on June 18, 2002 clearly fall outside of the two-year statute of limitations.  Because permitting amendment of the Complaint would not cure the untimeliness of the § 1983 claims or offer any other basis for federal subject matter jurisdiction, the motion for leave to amend is also denied as futile.

5

For the foregoing reasons, the Plaintiff's Motion for Reconsideration and for Leave to Amend the Complaint **(# 81)** is **DENIED**. The Motion to Withdraw **(# 82)** Docket # 80 is **GRANTED**, and the motion at Docket # 80 is **DEEMED WITHDRAWN**.

Dated this 16th day of June, 2006

**BY THE COURT:**

*/s/ Marcia S. Krieger*

Marcia S. Krieger
United States District Judge